UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAMON MARK HOLMES,

              Plaintiff,

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-6018 (CBA)(LB)

-against-

HON. LAWRENCE P. KNIPEL; JUDGE BARRY
KAMINS; CHARLES J. HYNES; MICHAEL
VECCIONE; AARON I. BLINDER; MORGAN J.
DENNEHY; MAGDALENA ST. SURIN,

              Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

On October 10, 2014, plaintiff Damon Mark Holmes filed this pro se complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) Holmes' submission did not include a filing fee or Prisoner Authorization form. By letter dated October 31, 2014, he was provided with the proper form and was instructed to either pay the filing fee or, in order to seek in forma pauperis status, return the completed Prisoner Authorization form within fourteen days. (D.E. 6.) On November 18, 2014, Holmes filed a Prisoner Authorization form and an amended complaint. (D.E. 9-10.) A letter appended to the front of Holmes' amended complaint explained that he had been transferred from Southport Correctional Facility to Attica Correctional Facility, which had delayed the filing of his Prisoner Authorization Form. (D.E. 9.)

Holmes' request to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), is granted for the limited purpose of this order. His request for an order to show cause for a preliminary injunction and temporary restraining order is denied, (D.E. 4), and his complaint is dismissed. His request for pro bono counsel is likewise denied. (D.E. 3, 7.)

1

## BACKGROUND

In July 2007, Holmes requested "'any and all' records held in the Kings County [District Attorney's] office" that related to his 1993 state court indictment. (Amended Complaint ("Compl.") at 4.)[1] He made this demand pursuant to New York's Freedom of Information Law ("FOIL"). See N.Y. Pub. Off. L. § 87. Holmes was advised that the records would be made available to him on January 23, 2008. (Compl. at 4.) He subsequently requested a reduction of that time period. His request was construed as an appeal and denied. (Id.) About five months later, he filed an action under Article 78 of the New York Civil Practice Law and Rules, seeking enforcement of his FOIL request. (Id. at 4-5.) Holmes alleges that he did not receive any response to his Article 78 filing until April 25, 2011, when he received an order reducing his filing fee based on his financial status. (Id. at 5.)

Shortly thereafter, Holmes filed a motion for a default judgment, which "has never been decided." (Id.) Two and a half years later, he sought information as to the status of his Article 78 proceeding and received notification, on January 15, 2014, that "'no proceeding pursuant to Article 78 in December 2007 was on Court record, under plaintiff's name.'" (Id. at 5-6.) The following month, a state law clerk informed Holmes that his Article 78 action could not proceed until he paid a reduced $25 filing fee. (Id. at 6.) Holmes states that, although he paid the reduced filing fee on March 11, 2014, his Article 78 action has not gone forward. (Id. at 6-7.) Holmes seeks, among other relief, (1) a declaration that the defendants' failure to disclose the records that he demanded under FOIL violated his constitutional rights, (2) a court order requiring disclosure of all the documents he previously requested under FOIL, and (3) money damages. (Id. at 8-10.)

---

[1] The pages of the amended complaint do not include page numbers. The Court begins pagination on the page headed "Civil Rights Complaint."

## STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1)-(2); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that PLRA makes sua sponte dismissal of frivolous prisoner complaints mandatory, not merely permissive).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Courts construe pro se pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), particularly when they allege civil rights violations, see Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

Plaintiff's complaint fails because, as a matter of law, FOIL violations cannot give rise to a colorable claim under 42 U.S.C. § 1983. To maintain a § 1983 action, plaintiff must allege that the conduct at issue: (1) was "committed by a person acting under color of state law" and (2) "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted). Section 1983 "does not

3

create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).

"[A] violation of state law is not cognizable under §1983." Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985). FOIL violations are no exception to that rule. See Old St. George's LLC v. Bianco, 389 F. App'x 33, 35 (2d Cir. 2010) (summary order) (affirming district court dismissal of § 1983 claim based on FOIL violation). Moreover, courts in this district have repeatedly held that FOIL violations do not constitute federal constitutional claims sufficient to satisfy the second prong of § 1983. See, e.g., McLean v. Brown, No. 08-cv-5200, 2010 WL 2609341, at *2-3, 7 (E.D.N.Y. June 25, 2010) (finding, in due process challenge, that FOIL procedures are not "fundamentally unfair" on their face and that a nearly six year delay in disclosing documents did not imbue alleged FOIL violation with constitutional significance); Blount v. Brown, No. 10-cv-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (holding that plaintiffs, in procedural due process context, have no property interest in FOIL documents). Furthermore, FOIL does not give rise to a private cause of action for money damages. See Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-cv-6054, 2013 WL 4719090, at *3 (E.D.N.Y. Sept. 3, 2013).

Here, Holmes' complaint fails for the simple reason that he cannot make out a colorable claim under § 1983 on the basis of the FOIL violation alleged in the instant case. The complaint, therefore, does not satisfy the second prong of § 1983 and is dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court notes, however, that nothing in this Order precludes Holmes from seeking further relief in New York state court or before any relevant New York state administrative body.

## CONCLUSION

Accordingly, the complaint is dismissed. Holmes' request for an order to show cause for a preliminary injunction and temporary restraining order is denied, (D.E. 4), as is his request for pro bono counsel, (D.E. 3, 7). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
December 29, 2014